Warner, Chief Justice.
The plaintiff brought his action against the defendants, as warehousemen, to recover damages for the negligent manner in which they performed their duty in taking care of sixty-five bales of cotton stored with them by him, in their warehouse, by reason whereof the plaintiff alleges the cotton lost in weight one thousand and twenty-nine pounds. On the *trial of the case, the jury, under the charge of the Court, found a verdict in favor of the plaintiff, for the sum of $70 42, with interest. A motion was made for a new trial, on the several grounds stated therein, which was granted by the Court, and the plaintiff excepted. The defendants also excepted to the ruling of' the Court, and both bills of exceptions were argued together.
A warehouseman, by the law, is a depositary for hire, and is bound only for ordinary diligence. If the defendants exercised that ordinary diligence in taking care of the plaintiff’s cotton stored with them, which a prudent man would have exercised in protecting and taking care of his property, and the cotton lost in weight, without their fault or negligence, they are not liable for such loss, and it was incumbent on the plaintiff to prove that the loss of the weight of the cotton was the result of their negligence and want of care in the proper management of it. It is not sufficient for the plaintiff- to prove that the cotton stored with the defendants lost in weight, but he must go further and prove that the loss resulted from the negligence and want of proper care on the part of the defendants,' as warehousemen. If it had been shown that the defendants, by the want of proper care and diligence as warehousemen, had exposed the plaintiff’s cotton stored with them to alternate rain and sunshine, and by reason thereof, the cotton had lost more in weight than it would naturally have done if kept dry, or if any other act of negligence on their part had been shown from which the loss in the weight of the cotton had resulted, then the defendants would have been liable, but nothing of that kind was proved on the trial. We find no error in the charge of the Court to the jury or in granting the new trial in view of the evidence disclosed in the record. The exercise of the discretion of the Court below, vested in it by law, in granting the new trial, has not been abused in this case, so as to authorize this Court to interfere and control it.
Let the judgment of the Court below, in both cases, be affirmed.